

999 Peachtree Street NE
Suite 1500
Atlanta, GA 30309
Tel (404) 962-1000  Fax (404) 962-1200
www.foxrothschild.com

MARSHALL KENT
Direct No: 404.962.1036
Email: MKent@Foxrothschild.com

January 4, 2021

VIA E-MAIL
Ms. Alisha Holland
Alisha_Holland @gand.uscourts.gov
Courtroom Deputy Clerk to the
Honorable Steven D. Grimberg
1767 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303

RE:    Response of Hill & Mac Gunworks, LLC ("HMG") to Defendant True Position, Inc.'s
("TP") Discovery Position Statement.

Dear Ms. Holland:

        Plaintiff HMG hereby responds to Defendant TP's discovery position statement as follows:

        TP's Interrogatory No. 5 seeks to discover the identities of customers who prepaid HMG
for the Firearm.  HMG submits the actual identities of those customers is <u>not</u> relevant nor
proportional to the issues in this case.  HMG has agreed to produce all documents, including
written communications with customers in its possession, with all customer names redacted, and
each customer identified by an order number.  In fact, the very Agreement entered into between
the parties did not permit or provide for TP to have access to customer identities.  Contrary to TP's
suggestion, HMG is not asserting that TP is responsible for refunds that occurred prior to the
course of dealings between HMG and TP.  HMG customers who requested refunds did so because
their order was not delivered.  These customers have little or no relevant knowledge, and any
attempt to involve them unnecessarily in this lawsuit will only prompt more refund claims.

        Similar considerations apply to TP's Interrogatory No. 12, that seeks the identification of
all individuals/entities with whom HMG discussed potentially assembling or manufacturing the
Firearm.  TP's failure to timely retain parts and equipment, tools and dies belonging to HMG, and
its undisclosed undertaking to commingle many of those parts with other parts TP acquired so as

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Minnesota    Nevada
New Jersey    New York    North Carolina    Pennsylvania    South Carolina    Texas    Virginia    Washington



January 4, 2021
Page 2

to render HMG's parts unusable, has materially delayed and impacted HMG's ability to obtain the manufacturing, assembly and delivery of the Firearm necessary to mitigate HMG's alleged damages. HMG and TP itself have knowledge of such facts. Seeking to "discover" information from third party manufacturers at this time will only interfere with and delay HMG's ongoing efforts to mitigate its damages. HMG reiterates the Firearm has been and can be assembled using HMG's plans. HMG has done so itself.

HMG further objects to responding to TP's Interrogatory No. 13 on grounds of relevance, proportion, speculation, and undue burden. TP assumed the burden of manufacturing costs under the Agreement, and thus was required to conduct its own due diligence concerning such costs prior to entering into the Agreement. HMG made no representation as to the total cost of manufacturing and assembling the Firearm in the Agreement or otherwise, that contains an "entire agreement" clause. Nor does the Agreement support the allegation that TP would be reimbursed "costs plus profits," as TP contends. HMG has already produced the information it previously provided to TP in the legitimate expectation TP would conduct due diligence concerning "costs of production."

For the same reasons as set forth in response to Interrogatory No. 5 above, HMG objects to revealing customer identities pursuant to TP's Request for Production No. 17.

HMG has no objection to responding to TP RPD No. 18, and is supplementing its prior production.

As regards TP's Motion for Leave to Serve Excess Interrogatories, HMG has not "completely refused" to respond, and is timely serving its response (attached).

Your consideration of these issues is appreciated.

Very truly yours,

FOX ROTHSCHILD LLP

*/s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Nicholas B. Corser

GMK,Jr./dyd
Attachment
cc:    Dianna El Hioum (via email)
       David Turner (via email)
       Dean Fuchs (via email)

118242536.v2

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **HILL & MAC GUNWORKS, LLC,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE NO.** |
| | **1:20-CV-02447-CC** |
| **TRUE POSITION, INC.,** | |
| **Defendant.** | |

## PLAINTIFF HILL & MAC GUNWORKS, LLC'S RESPONSES TO DEFENDANTS' SECOND CONTINUING INTERROGATORIES

COME NOW Plaintiff HILL & MAC GUNWORKS, LLC ("Plaintiff" or "HMG"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 26 and 33, and responds and/or objects to the Second Continuing Interrogatories of Defendant True Position, Inc. ("TP"), as follows:

## GENERAL OBJECTION TO EXCESS INTERROGATORIES

TP previously served 21 interrogatories in this action. When discrete subparts of those interrogatories are counted separately, HMG contends TP has already served at least 25 interrogatories. Therefore, HMG objects that any additional interrogatories may not be properly served absent Court permission. Nevertheless, and out of an abundance of caution, HMG has stipulated that it will consider interrogatories six, nine, ten, and eleven of Defendant's Second Interrogatories,

which relate to Plaintiff's damages, properly served. Accordingly, with the service of the below objections and responses, HMG will have then conclusively responded to 25 interrogatories. HMG objects that TP must seek Court permission to serve further interrogatories.

1.

INTERROGATORY:  For each item or part removed by Plaintiff from Defendant's premises, indicate the following:

(a) Part manufacturer, part number, description, cost and number obtained;

(b) Party to this case who paid for the part, or any portion thereof;

(c) Whether Defendant performed any activity to create or modify the part, and, if so, describe the scope and nature thereof;

(d) Whether Defendant performed any activity to assemble the part or integrate the part into an assembly, and, if so, describe the scope and nature thereof;

(e) Whether Plaintiff revised or redesigned the part after prints were sent to Defendant, and, if so, describe the manner and circumstances thereof including without limitation the number of revisions that Plaintiff made.

RESPONSE:  HMG objects on the grounds that TP has attempted to serve in excess of 25 interrogatories (including discrete subparts) without Court permission, and the interrogatory therefore has not been properly served. HMG reserves the right to

supplement its response to this interrogatory in the event the Court orders HMG to respond to it.

Without waiving the foregoing objection, and out of an abundance of caution, HMG also objects that the interrogatory is overbroad, unduly burdensome, not proportional to the needs of the case, is an impermissible attempt to combine multiple discrete questions into a single multi-part interrogatory, seeks irrelevant information, and seeks information already in the possession of TP.

2.

INTERROGATORY:  State how Plaintiff expects to compensate Defendant for the following activities, indicating the amount that Plaintiff admits is owed to Defendant in each category:

(a) Defendant's purchase of Firearm parts from third parties;

(b) Defendant's manufacture or modification of Firearm parts;

(c) Defendant's manufacture or modification of Firearm parts that were unusable due to Plaintiff's redesign of such parts;

(d) Defendant's research and development activity that identified necessary modifications to Firearm parts;

(e) Defendant's assembly of Firearm parts, and;

(f) Royalty payments owed to Defendant.

3

RESPONSE:  HMG objects on the grounds that TP has attempted to serve in excess of 25 interrogatories (including discrete subparts) without Court permission, and the interrogatory therefore has not been properly served. HMG reserves the right to supplement its response to this interrogatory in the event the Court orders HMG to respond to it.

Without waiving the foregoing objection, and out of an abundance of caution, HMG also objects that the interrogatory is overbroad, unduly burdensome, and is an impermissible attempt to combine multiple discrete questions into a single multi-part interrogatory. HMG further objects that the interrogatory calls for a legal conclusion and is based on the incorrect premise that TP is owed anything by HMG.

3.

INTERROGATORY:  Identify any person or entity that Plaintiff communicated with regarding assembly of the Firearm on its behalf, and identify all communications related thereto including without limitation proposed contracts or agreements.

RESPONSE:  HMG objects on the grounds that TP has attempted to serve in excess of 25 interrogatories (including discrete subparts) without Court permission, and the interrogatory therefore has not been properly served. HMG reserves the right to supplement its response to this interrogatory in the event the Court orders HMG to respond to it.

4

Without waiving the foregoing objection, and out of an abundance of caution, HMG also objects that the interrogatory is overbroad, unduly burdensome, not proportional to the needs of the case, is not reasonably calculated to lead to the discovery of relevant evidence, and seeks irrelevant information. HMG further objects that TP should not be allowed to use the discovery process to interfere with HMG's ongoing efforts to make alternate arrangements for the manufacturing and assembly of the Firearm.

4.

INTERROGATORY:  Identify the person or entity that Plaintiff expects to complete assembly of the Firearm using any parts obtained by Plaintiff from Defendant, and identify all contracts or agreements related thereto.

RESPONSE:  HMG objects on the grounds that TP has attempted to serve in excess of 25 interrogatories (including discrete subparts) without Court permission, and the interrogatory therefore has not been properly served. HMG reserves the right to supplement its response to this interrogatory in the event the Court orders HMG to respond to it.

Without waiving the foregoing objection, and out of an abundance of caution, HMG also objects that the interrogatory is overbroad, unduly burdensome, not proportional to the needs of the case, is not reasonably calculated to lead to the discovery of relevant evidence, and seeks irrelevant information. HMG further

objects that TP should not be allowed to use the discovery process to interfere with HMG's ongoing efforts to make alternate arrangements for the manufacturing and assembly of the Firearm.

5.

INTERROGATORY:  State whether Plaintiff ever provided Defendant with the physical magazines for the Firearm or any specifications, plans or prints related thereto, and, if so, identify all documents related thereto.

RESPONSE:  HMG objects on the grounds that TP has attempted to serve in excess of 25 interrogatories (including discrete subparts) without Court permission, and the interrogatory therefore has not been properly served. HMG reserves the right to supplement its response to this interrogatory in the event the Court orders HMG to respond to it.

Without waiving the foregoing objection, and out of an abundance of caution, HMG also objects that the interrogatory is unduly burdensome and seeks information already in the possession of TP. Without waiving the forgoing objection, HMG never provided any physical magazine for the Firearm or any plans for a magazine, but instructed TP that any commonly available AR-15 magazine should be compatible with the Firearm.

6

6.

INTERROGATORY:  State with particularity the legal and factual bases for your claim that Defendant is indebted to Plaintiff for expenses of $208,058.95, indicating whether Plaintiff currently has possession of the parts and components included in this balance.

RESPONSE:   HMG objects to Interrogatory 6 on the grounds that it seeks information protected by the attorney client and attorney work product privileges, and seeks the disclosure of mental impressions of Plaintiff's counsel. HMG further objects that the second part of the interrogatory, which requests that HMG "indicat[e] whether Plaintiff currently has possession of the parts and components included in this balance" is vague, confusing, and incomprehensible as written such that Plaintiff cannot properly respond. HMG further objects that the Interrogatory is repetitive and requests information already provided in response to TP's First Interrogatories.

Subject to and without waiving the foregoing objections, Plaintiff's expenses incurred in furtherance of the Agreement are summarized as follows:

| Category | | Amount |
|---|---|---|
| Parts and Components Purchased | $ | 188,505.98 |
| Shipping Charges | $ | 11,559.21 |
| Travel Expenses | $ | 7,993.76 |
| **Total:** | **$** | **208,058.95** |

7

TP returned many of the parts and components that HMG purchased in degraded or otherwise unusable condition. TP also appears to have performed unauthorized work on many of the parts and components, also rendering them unusable. Discovery on this issue is still ongoing, and HMG will seasonably supplement its response when it has determined which parts are salvageable and which must be discarded entirely.

7.

INTERROGATORY:  State with particularity the legal and factual bases for your claim that Defendant is indebted to Plaintiff for refunds paid of $682,440.48, indicating the following:

(a) the identity of all persons who received a refund;

(b) the dates when such persons made a deposit and received a refund;

(c) all representations made by Plaintiff to such persons;

(d) the reason such persons requested a refund;

(e) all evidence to support any claim by Plaintiff that Defendant breached a duty to assemble the Firearm sooner, and; (sic)

RESPONSE:  HMG objects on the grounds that TP has attempted to serve in excess of 25 interrogatories (including discrete subparts) without Court permission, and the interrogatory therefore has not been properly served. HMG reserves the right to

8

supplement its response to this interrogatory in the event the Court orders HMG to respond to it.

Without waiving the foregoing objection, and out of an abundance of caution, HMG also objects that the interrogatory is overbroad, unduly burdensome, not proportional to the needs of the case, not reasonably calculated to seek relevant evidence, seeks irrelevant information, and is an impermissible attempt to combine multiple discrete questions into a single multi-part interrogatory.

8.

INTERROGATORY:  State with particularity the legal and factual bases for your claim that Defendant is potentially indebted to Plaintiff for refunds of $588,900.33, indicating the following:

(a) the identity of all persons who may request a refund;

(b) the dates when such persons made a deposit;

(c) all representations made by Plaintiff to such persons;

(d) all communications between Plaintiff and such persons;

(e) all evidence to support any claim by Plaintiff that Defendant breached a duty to assemble the Firearm sooner.

RESPONSE:  HMG objects on the grounds that TP has attempted to serve in excess of 25 interrogatories (including discrete subparts) without Court permission, and the interrogatory therefore has not been properly served. HMG reserves the right to

supplement its response to this interrogatory in the event the Court orders HMG to respond to it.

Without waiving the foregoing objection, and out of an abundance of caution, HMG also objects that the interrogatory is overbroad, unduly burdensome, not proportional to the needs of the case, not reasonably calculated to seek relevant evidence, seeks irrelevant information, and is an impermissible attempt to combine multiple discrete questions into a single multi-part interrogatory.

9.

INTERROGATORY:  State with particularity the legal and factual bases for your claim that Defendant is indebted to Plaintiff for estimated lost profits of $1,080,158.06, indicating the person(s) making such calculation, all earnings data to support such calculation, also expense data used in making such calculation and any witnesses expected to testify regarding this claim.

RESPONSE:   HMG objects to Interrogatory 9 on the grounds that it seeks information protected by the attorney client and attorney work product privileges, and seeks the disclosure of mental impressions of Plaintiff's counsel. HMG further objects that the interrogatory contains multiple discrete subparts, which, when counted separately, would exceed 25 interrogatories. HMG further objects that the Interrogatory is repetitive and requests information already provided in response to TP's First Interrogatories.

10

Subject to and without waiving the foregoing objections, as indicated in HMG's response to Interrogatory 20 of TP's First Interrogatories, HMG calculated its estimated lost profits by multiplying 24 months of average monthly net sales for the Firearm by 0.5, to include a 50% royalty that would have been paid to TP under the Agreement. There is no other "expense data" underlying the calculation because 100% of manufacturing expenses were TP's obligation under the Agreement.

10.

INTERROGATORY:  State with particularity the legal and factual bases for your claim that Defendant is indebted to Plaintiff for damage to goodwill and reputation of $300,000.00, indicating whether this is a claim for general damages, why Plaintiff is entitled to recover such damages, how Defendant damaged Plaintiff's goodwill and reputation, the person(s) making such calculation, all data to support such calculation, and any witnesses expected to testify regarding this claim.

RESPONSE:   HMG objects to Interrogatory 10 on the grounds that it seeks information protected by the attorney client and attorney work product privileges, and seeks the disclosure of mental impressions of Plaintiff's counsel. HMG further objects that the interrogatory contains multiple discrete subparts, which, when counted separately, would exceed 25 interrogatories. HMG further objects that the Interrogatory is repetitive and requests information already provided in response to TP's First Interrogatories.

11

Subject to and without waiving the foregoing objections, $300,000.00 is an estimate of HMG's lost goodwill, which is equivalent to the total value of the company. HMG accepted a multitude of pre-orders for the Firearm, but has been unable to satisfy the orders it accepted because TP breached its Agreement to manufacture the Firearm. HMG's inability to deliver the Firearm to its customers, which arose as a direct result of TP's breach, has irreparably harmed the goodwill and reputation of the company. The exact amount of damage HMG suffered will be proved at trial.

11.

INTERROGATORY:  State with particularity the legal and factual bases for your claim that Defendant is indebted to Plaintiff for compensatory damages of $493,991.20, as alleged in par. 75 of Plaintiff's Complaint, indicating the basis for this calculation, the person(s) making such calculation, all data to support such calculation, and any witnesses expected to testify regarding this claim.

RESPONSE:   HMG objects to Interrogatory 11 on the grounds that it seeks information protected by the attorney client and attorney work product privileges, and seeks the disclosure of mental impressions of Plaintiff's counsel. HMG further objects that the interrogatory contains multiple discrete subparts, which, when counted separately, would exceed 25 interrogatories. HMG further objects that the discovery on this issue is ongoing.

Subject to the foregoing objections, $493,991.20 was the estimated value of the machines, materials, parts, and tools HMG provided to TP. When ordered to do so by the Court, TP returned some of these machines, materials, parts, and tools to HMG. However, TP returned many of the parts and components that HMG purchased in degraded or otherwise unusable condition. TP also appears to have performed unauthorized work on many of the parts and components, also rendering them unusable. Discovery on this issue is still ongoing, and HMG will seasonably supplement its response when it has determined which parts are salvageable and which must be discarded entirely. The exact amount of damage HMG suffered will be proved at trial.

12.

INTERROGATORY:  State whether Plaintiff has established a sales price for the Firearm, and if so, the amount thereof, when said price(s) was established, when Plaintiff informed Defendant of the price and all documents related thereto.

RESPONSE:  HMG objects on the grounds that TP has attempted to serve in excess of 25 interrogatories (including discrete subparts) without Court permission, and the interrogatory therefore has not been properly served. HMG reserves the right to supplement its response to this interrogatory in the event the Court orders HMG to respond to it.

Without waiving the foregoing objection, and out of an abundance of caution, HMG also objects that the interrogatory is unduly burdensome, not reasonably calculated to seek relevant evidence, seeks irrelevant information, is an impermissible attempt to combine multiple discrete questions into a single multi-part interrogatory, and seeks information already in possession of TP. Without waiving the forgoing objections, the pre-sale price for the Firearm was $1,799.00, but like all market prices, this number is not final and may be subject to change.

This 30th day of December, 2020.

FOX ROTHSCHILD LLP

/s/ *G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Georgia Bar No. 415129

999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia  30309
404-962-1000
mkent@foxrothschild.com

14

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**HILL & MAC GUNWORKS, LLC,**

               **Plaintiff,**

        **v.**

**TRUE POSITION, INC.**


               **Defendant.**

**CIVIL ACTION FILE NO.**

**1:20-CV-02447-CC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this filing complies with the font and font size requirements of LR 5.1B and that I have this date served the within and foregoing <u>PLAINTIFF HILL & MAC GUNWORKS, LLC'S RESPONSES TO DEFENDANTS' SECOND CONTINUING INTERROGATORIES</u> by email as follows:

John Michael Webster          Dean R. Fuchs
Bartlett & Webster, LC          David L. Turner

5093 South 1500 West                    Schulten Ward Turner & Weiss LLP
Riverdale, Utah 84405                   260 Peachtree Street, NW, Suite 2700
                                        Atlanta, Georgia 30303
                                        d.fuchs@swtwlaw.com

     This 30th day of December, 2020.


                                                    */s/ G. Marshall Kent, Jr.*
                                                    Georgia Bar No. 415129

FOX ROTHSCHILD LLP
999 Peachtree Street, Suite 1500
Atlanta, Georgia  30309
404-962-1036
mkent@foxrothschild.com

16

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**HILL & MAC GUNWORKS, LLC,**

**Plaintiff,**

**v.**

**TRUE POSITION, INC.,**

**Defendant.**

**CIVIL ACTION FILE NO.**
**1:20-CV-02447-CC**

## VERIFICATION

Personally appeared before me the undersigned officer, duly authorized by law to administer oaths, Hill Redwine, member of Hill & Mac Gunworks, LLC, who, after being first duly sworn, deposes and says that he is authorized to make this Verification on behalf of Hill & Mac Gunworks, LLC and that the within and foregoing answers to interrogatories are true and correct to the best of his knowledge and belief.

[SIGNATURE ON FOLLOWING PAGE]

HILL & MAC GUNWORKS, LLC
BY: HILL REDWINE
TITLE: MEMBER

Sworn to and subscribed before me,
this ___30___ day of ___December___ , 2020.

_____ Patel

Notary Public

Notary Public
Nishan Patel
Forsyth County, GA
Exp. February 27, 2023

My Commission Expires: ___02/27/2023___