IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HILL & MAC GUNWORKS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TRUE POSITION, INC.,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>1:20-CV-02447-SDG |

**PARTIAL MOTION TO STRIKE DECLARATION OF CHRIS WOODS AND TO EXCLUDE HEARSAY TESTIMONY**

COMES NOW Plaintiff Hill & Mac Gunworks, LLC ("**Plaintiff**" or "**HMG**"), and, pursuant to Fed.R.Civ.P. 12(f). files this Motion to Strike portions of the Declaration of Chris Woods [Doc. 94-3] (the "**Declaration**") filed by Defendant True Position, Inc. ("**Defendant**" or "**True Position**"), which Mr. Woods admitted during the Rule 30(b)(6) Deposition of True Position, Inc. were not based on his personal knowledge.

I.  **INTRODUCTION**

Supporting and opposing affidavits shall be made *on personal knowledge*, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits ...

1

*Tishcon Corp. v. Soundview Communciations, Inc.*, No. CIV.A. 104CV524-JEC, 2005 WL 6038743, at *5 (N.D. Ga. Feb. 15, 2005) (quoting Fed.R.Civ.P. 56(e)) (emphasis added).

"Consequently, on summary judgment, the Court does not accept testimony that is not based on personal knowledge." *Id.* (citing *Citizens Concerned About Our Children v. School Bd. of Broward Cty., Fla.*, 193 F.3d 1285, 1295 n. 11 (11th Cir. 1999)). "Declarations or affidavits not based on personal knowledge are subject to a timely motion to strike…" *Id.* (citing *Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir.1994). Further, [c]onclusory statements in an affidavit are insufficient to avoid summary judgment," and are also subject to motions to strike. *See Lovell v. Floyd Cty.*, 710 F. Supp. 1364, 1374 (N.D. Ga. 1989) (citing *Broadway v. City of Montgomery*, 530 F.2d 657, 660 (5th Cir.1976)).

As will be shown below, Mr. Woods admitted during the Deposition of True Position that he did not have personal knowledge about many of the "facts" alleged in his Declaration. Accordingly, paragraphs 8-14, 26-35, 37-41, 43-44, 48, and 61 of the Declaration should be struck for Mr. Woods' admitted lack of personal knowledge about the facts therein. Other paragraphs of the Declaration are conclusory statements about the parties' respective obligations under the written Exclusive License Agreement ("**Agreement**"), which speaks for itself, and is the best evidence of its contents. Paragraphs 19, 24-25, 36, 46, and 53-55 contain conclusory statements. Each of the foregoing paragraphs should be disregarded in

2

the Court's consideration of TP's Response in Opposition to HMG's Partial Motion for Summary Judgment [Doc. 93, 94] and TP's Motion for Summary Judgment [Doc. 104.], both of which rely on the Declaration for support.

## II.     MR. WOODS' LACK OF PERSONAL KNOWLEDGE

During HMG's Rule 30(b)(6) Deposition of TP, Chris Woods testified he lacked personal knowledge of much of the HMG project, including nearly all communications between TP and HMG. Mr. Woods testified that Mike Davis was the supervising TP employee "over" the HMG project, and that Mr. Davis was the "go-between" between TP and HMG. [Ex. C, at 34:21-23; 36:4-15.] Mr. Woods testified that the TP employees directly involved with the HMG project were Mike Davis, Mike Rowell, Mike Dove, Greg Fly, Chris McCafferty, Zac Merkley and Steve Pilano. [Ex. C, at 35:7-36:16.] Mr. Woods testified that he did not personally have conversations with HMG representatives concerning manufacturing or machining issues. Rather, he would obtain information through Mike Davis. [Ex. C, at 37:12-38:2.] Mr. Woods testified he "looked over" the initial plans for the Firearm HMG delivered to TP, but that he did not give the plans a "100% inspection." He testified further that TP employees Mike Rowell, Greg Fly, and Chris McCafferty reviewed HMG's initial plans. [Ex. C, at 44:9-14; 46:5-47:5.] Mr. Woods testified he did not have any direct conversations with Mr. Steil regarding Mr. Steil's alleged representations concerning the projected cost to manufacture the Firearm. [Ex. C, at 42:10-19.] Mr. Woods testified that he did not have any firsthand, direct discussion

3

with Mr. Steil about what rifles or what number of rifles that HMG was manufacturing before entering the Agreement. [Ex. C, at 50:5-17.] Mr. Woods admitted he only heard that HMG was making 25-50 Firearms through Mike Davis. [Ex. C, at 50:5-17.] Mr. Woods testified that he was not personally involved in the discussions with Mr. Steil regarding the alleged problem with HMG's specifications for the trunnions. [Ex. C, at 78:12-20.] Finally, Mr. Woods testified that he did not read the Agreement before signing it. [Ex. C, at 54:23-25.]

Accordingly, paragraphs 8-14, 26-35, 37-41, 43-44, 48, and 61, in which Mr. Woods purports to testify about the forgoing matters, should be struck for Mr. Woods' lack of personal knowledge.

### III.  CONCLUSORY STATEMENTS

In paragraphs 19, 24-25, 36, 46, and 53-55, Mr. Woods testimony contains conclusory statements regarding either (a) the parties' respective rights and duties under the Agreement, or (b) HMG's alleged knowledge. These conclusory statements should be struck, and not considered for summary judgment purposes.

Respectfully submitted this 6th day of October, 2021.

*/s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Georgia Bar No. 415129
Nicholas B. Corser
Georgia Bar No. 290744
Dianna El Hioum
*Admitted pro hac vice*

FOX ROTHSCHILD LLP
999 Peachtree Street, Suite 1500
Atlanta, Georgia 30309
404-962-1000
mkent@foxrothschild.com
ncorser@foxrothschild.com
delhioum@foxrothschild.com

*Attorneys for Plaintiff*

126895776.1

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document has been prepared in a Times New Roman, 14-point font and otherwise complies with Local Rule 5.1(C), NDGa.

This 6th day of October, 2021.

**Fox Rothschild LLP**
*s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Georgia Bar No. 415129

*Attorney for Plaintiff Hill & Mac Gunworks, LLC*

126895776.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using the CM/ECF system, which will automatically give notice to the following attorneys of record:

| | |
|---|---|
| John Michael Webster<br>Bartlett & Webster, LC<br>5093 South 1500 West<br>Riverdale, Utah 84405 | Dean R. Fuchs<br>David L. Turner<br>Schulten Ward Turner & Weiss LLP<br>260 Peachtree Street, NW, Suite 2700<br>Atlanta, Georgia 30303 |

This 6th day of October, 2021.

*/s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Georgia Bar No. 415129