## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**HILL & MAC GUNWORKS, LLC,**

**Plaintiff,**

**v.**

**TRUE POSITION, INC.**

**Defendant.**

**CIVIL ACTION FILE
NO. 1:20-CV-02447-SDG**

## DEFENDANT TRUE POSITION, INC.'S RESPONSE TO PLAINTIFF'S "PARTIAL MOTION TO STRIKE DECLARATION OF CHRIS WOODS AND TO EXCLUDE HEARSAY TESTIMONY" [DOC. 106]

COMES NOW Defendant True Position, Inc., and timely files this response to Plaintiff's "Partial Motion to Strike Declaration of Chris Woods and to Exclude Hearsay Testimony." [Doc. 106].

HMG's motion, though styled as a Motion to Strike and to "Exclude Hearsay Testimony," contains no specific references to portions or paragraphs in the Woods Declaration which it contends constitute inadmissible hearsay. In fact, other than in the caption in HMG's motion, the word "hearsay" appears nowhere in the motion at all, making it impossible for TP to meaningfully respond to any particular objection by HMG on the basis of inadmissible hearsay. Neither TP nor the Court should have to scour Chris Woods's Declaration for what HMG contends

is inadmissible hearsay.

**A.** **HMG HAS FAILED TO COME FORWARD WITH EVIDENCE TO SHOW THAT MR. WOODS LACKS PERSONAL KNOWLEDGE OF THE TESTIMONY IN HIS DECLARATION.**

Plaintiff HMG asks the Court to strike paragraphs 8-14, 26-35, 37-41, 43-44, 48 and 61 of the Declaration of Chris Woods [Doc. 94-3] on the grounds that Mr. Woods allegedly lacks personal knowledge of the facts contained therein, notwithstanding Mr. Woods's testimony in par. 1 that he has personal knowledge. HMG has failed to satisfy its burden of showing a lack of personal knowledge, and it has mischaracterized Mr. Woods's deposition testimony.

Mr. Woods is the owner, CEO and president of Defendant, True Position, Inc. [Doc. 110-1, pp. 12:18-13:2, 33:24-25].  Mr. Woods personally oversees and supervises the manufacturing or machining processes at TP, as does Chris McCafferty. [Doc. 110-1, p. 34:4-11].  At the time of the agreement at issue, True Position had some 70 employees.  [Doc. 110-1, p. 35]. There were a number of employees involved in the HMG project, including: Mike Rowell, a programmer; Mike Dove, an inspector; Greg Fly, on lathe, and gunsmiths Zac Merkley and Steve Pilano. [Doc. 110-1, p. 34:12-35:25].  Mike Davis, the sales manager, was put over the HMG project, though he did not know a lot about machining.  [Doc. 110-1, p. 34:21-25, 36:4-16].  Mike Davis was the primary point of contact when communicating with Mac Steil, and Mr. Davis reported to Mr. Woods what was

being discussed. [Doc. 110-1, Woods Dep. 37:12-22]. Mr. Woods personally flew to Atlanta in 2018 where he met with Mac Steil and Hill Redwine. [Doc. 110-1, p. 38:6-9]. Mr. Woods personally reviewed the plans and specifications for the STG firearm. [Doc. 110-1, p. 44:9-14]. During the time that TP and HMG were involved in the project, Mr. Woods personally discussed manufacturing or machining issues that arose with HMG representatives. [Doc. 110-1, p. 36:24 – 37:3]. Every problem that TP had went through Mr. Woods. [Doc. 110-1, p. 37:10-11].

Mr. Woods was very much involved in the HMG project and in a position to know about the subject matter on which he has testified. Under FRE 602: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." An affidavit submitted by a corporate representative in support of summary judgment is properly considered when the corporate representative expressly verifies that the matters stated therein are based on his own personal knowledge gained through review of business records. *Lewis v. Residential Mortgage Sols.*, 1:17-CV-1422-ELR-WEJ, 2018 WL 5276221, at *4 (N.D. Ga. Aug. 31, 2018), *report and recommendation adopted*, 1:17-CV-01422-ELR, 2018 WL 5276190 (N.D. Ga. Oct. 16, 2018), *aff'd*, 800 Fed. Appx. 830 (11th Cir. 2020).

All of the testimony offered by Mr. Woods sufficiently indicates that it is based on his personal knowledge.  The specific paragraphs objected to by HMG on this basis are as follows:

**Pars. 8-10**: HMG has not come forward with any evidence to prove or suggest that Mr. Woods lacks personal knowledge of this testimony.  Mr. Woods's testimony refers to the content of a July 26, 2018, text message exchanged between Mac Steil and Mike Davis [Doc. 94-3, Ex. 3] in which Mr. Steil misrepresented that HMG was producing 25-50 STG rifles per month, a statement that Mr. Davis then shared with Mr. Woods the same day by e-mail.  *Id.* at Ex. 4.  HMG produced Mr. Steil's text message in discovery, and its contents are not in dispute. Mr. Woods also testified that Mac Steil personally informed him that HMG was assembling STG rifles, and that Mr. Woods personally observed parts being made at HMG's facility.  *Id.* at 50:19-23.

**Pars. 11-14**: HMG has not come forward with any evidence to prove or suggest that Mr. Woods lacks personal knowledge of this testimony.   It is undisputed that Mr. Woods personally met with Mr. Steil on a number of occasions when Mr. Steil's statements were made.

**Pars. 26-35:** HMG has not come forward with any evidence to prove or suggest that Mr. Woods lacks personal knowledge of this testimony.

**Pars. 37-41**: HMG has not come forward with any evidence to prove or

suggest that Mr. Woods lacks personal knowledge of this testimony.

**Pars. 43-44**: HMG has not come forward with any evidence to prove or suggest that Mr. Woods lacks personal knowledge of this testimony.

**Par. 48:** HMG has not come forward with any evidence to prove or suggest that Mr. Woods lacks personal knowledge of this testimony.

**Par. 61**: HMG has not come forward with any evidence to prove or suggest that Mr. Woods lacks personal knowledge of this testimony which includes a reference to business records maintained by TP.

### B.   HMG HAS NOT SHOWN THAT ANY TESTIMONY SHOULD BE STRICKEN AS "CONCLUSORY."

HMG argues, without citation to legal authority, that the Court should disregard other portions of Mr. Woods's Declaration because they are "conclusory statements about the parties' respective obligations under the written Exclusive License Agreement . . . which speaks for itself, and is the best evidence of its contents." (Brief, p. 2). HMG's argument is without merit.

The best evidence rule is not applicable. The rule is limited to requiring a party who would prove a fact by reference to a writing that shows the fact to either produce the writing or offer an acceptable explanation for not doing so. FRE 1002. There is no general rule that proof of a fact will be excluded unless its proponent furnishes the best evidence in his power. *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994) (judgment reversed where trial judge improperly excluded

testimony regarding insurance underwriting guidelines based on best evidence rule).

Neither federal law nor Georgia law prohibits opinion testimony regarding an ultimate issue.  Fed.R.Evid. 704 states that "[a]n opinion is not objectionable just because it embraces an ultimate issue." The Advisory Committee Notes indicate that "the so-called 'ultimate issue' rule is specifically abolished by the instant rule." O.C.G.A. § 24-7-704 states that "testimony in the form of an opinion or inference otherwise admissible shall not be objectionable because it embraces an ultimate issue to be decided by the trier of fact."

To the extent that HMG is referencing the parol evidence rule, it is inapplicable to the testimony at issue.  The parol evidence rule is a substantive rule of law to which the *Erie* doctrine applies.  *Seguros Del Estado, S.A. v. Sci. Games, Inc.*, 262 F.3d 1164, 1175, fn. 16 (11th Cir. 2001). Under Georgia law, the parol evidence rule has many exceptions.  Although parol evidence ordinarily is inadmissible to vary an unambiguous written contract, this is not true when there are allegations of fraud, accident or mistake. *Gray v. Dental One Associates, Inc.*, 269 Ga. App. 888, 889 (2004); *Norris v. Robertson*, 223 Ga. App. 115, 116 (1996); *del Mazo v. Sanchez*, 186 Ga. App. 120 (1988) (merger clause in contract for sale of medical practice did not preclude admission of parol evidence to show that contract was fraudulently induced); *Henderson Few & Co. v. Rollins Commc'ns,*

*Inc.*, 148 Ga. App. 139, 142 (1978) (trial court erred in ruling that testimony about misrepresentations was barred by the parol evidence rule).  TP has raised defenses of mistake and fraud, and it has asserted a counterclaim for fraud. [Doc. 11].  Parol evidence is allowed to explain latent or patent ambiguities in a contract. O.C.G.A. § 13-2-2.  The circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement, and courts are free to consider such extrinsic evidence. *McReynolds v. Krebs*, 290 Ga. 850, 853 (2012). Parol evidence is admissible to explain the meaning of technical or business terms employed in written contracts. *Pace Constr. Corp. v. Houdaille–Duval–Wright Division,* 247 Ga. 367, 368 (1981).

Paragraph 19 of the Woods Declaration is not conclusory in that Mr. Woods explains his personal understanding of the agreement reached between the parties and what parts of the agreement are inconsistent with his understanding of what the parties actually agreed.

In paragraph 24, Mr. Woods explains how, based upon the language contained in the Agreement, TP reasonably relied upon HMG to provide it with information needed to manufacture and assemble the STG firearm.  There is nothing "conclusory" about paragraph 24 of the Declaration.

In paragraph 25 of his Declaration, Mr. Woods explains his understanding of

TP's duties and responsibilities under the Agreement, and that TP never made any assurances to HMG about the functionality or workability of HMG's design plans for the STG rifle.  Again, this is not a "conclusory" statement.

Paragraph 36 contains factual testimony about which party prepared the plans and prints for parts to be used in the STG firearm and whether or not HMG was required to accept any of TP's proposed revisions to certain parts or designs during the manufacturing/assembly process.  This point is not in dispute, as HMG admitted that it was at all times the master of its own plans and prints for parts to be used in the STG firearm.  [*See*: Doc. 91-1, pp. 162:2-6].

In paragraph 46 Mr. Woods explains the rationale for certain communications exchanged between the parties and how certain representations made by HMG to TP caused TP to spend substantial amounts of time to make parts changes requested by HMG.  There is nothing conclusory about this paragraph of the Woods Declaration.

In paragraphs 53-55 of his Declaration, Mr. Woods explains how HMG filed a document on July 20, 2020 [Doc. 17-2] in support of its motion for preliminary injunction, representing to the Court that HMF owned the 92 parts reflected thereon, when other documents prepared by HMG in February 2020 reflect that the opposite was true – that it was TP which owned 71 of the parts in question, stating the value of the parts owned by TP.  This is not an improper "conclusion" on the

part of Mr. Woods; rather, it is competent testimony by Mr. Woods identifying the discrepancy between two documents that HMG prepared.

## **CONCLUSION**

For all of the above-stated reasons, HMG's "Partial Motion to Strike Declaration of Chris Woods and to Exclude Hearsay Testimony" [Doc. 106] should be DENIED.

This 20th day of October 2021.

/s/ David L. Turner
David L. Turner
Georgia Bar No. 004530
Dean R. Fuchs
Georgia Bar No. 279170

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, GA 30303
(404) 688-6800 telephone
d.turner@swtwlaw.com
d.fuchs@swtwlaw.com

John M. Webster (admitted PHV)

BARTLETT & WEBSTER
5093 South 1500 West
Riverdale, Utah 84405
(801) 475-4506
jmwebsterlaw@hotmail.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**HILL & MAC GUNWORKS, LLC,**

                              **Plaintiff,**

         **v.**

**TRUE POSITION, INC.**

                              **Defendant.**

**CIVIL ACTION FILE
NO. 1:20-CV-02447-SDG**

## CERTIFICATE OF COMPLIANCE AND SERVICE

      I certify that this filing complies with the font and font size requirements of LR 5.1B and that I have this date served the within and foregoing **DEFENDANT TRUE POSITION, INC.'S RESPONSE TO PLAINTIFF'S "PARTIAL MOTION TO STRIKE DECLARATION OF CHRIS WOODS AND TO EXCLUDE HEARSAY TESTIMONY" [DOC. 106]** by CM/ECF as follows:

G. Marshall Kent, Jr.
Nicholas B. Corser
FOX ROTHSCHILD LLP
999 Peachtree Street
Suite 1500
Atlanta, GA 30309

Dianna El Hioum
FOX ROTHSCHILD LLP
101 Park Ave.
17th Floor
New York, NY 10178

This 20th day of October 2021.

                                   */s/ Dean R. Fuchs*
                                   Dean R. Fuchs
                                   Georgia Bar No. 279170

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
(404) 688-6800 telephone
d.fuchs@swtwlaw.com

                                   Counsel for Defendant